IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  13-cv-02993-REB-BNB

SIMONA RISORTO,

Plaintiff,

v.

MALCOLM S. GERALD & ASSOCIATES, INC.,

Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the **Plaintiff's Motion for Default Judgment and Attorney's Fees** [Doc. # 17, filed 2/12/2014] (the "Motion"), which seeks the entry of judgment by default.  I respectfully RECOMMEND that the Motion [Doc. # 28] be GRANTED and that judgment enter in favor of the plaintiff and against the defendant for statutory damages in the amount of $1,000.00; attorneys fees in the amount of $2,417.50; and costs upon the filing of a bill of costs.

**LEGAL STANDARD**

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b)  Entering a Default Judgment.**
> **(2)  *By the Court.***  In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or be a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court

> may conduct hearings or make referrals--preserving any federal
> statutory right to a jury trial--when, to enter or effectuate
> judgment, it needs to:
> **(A)**  conduct an accounting;
> **(B)**  determine the amount of damages;
> **(C)**  establish the truth of any allegations by evidence; or
> **(D)**  investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  A trial court is vested with broad discretion in deciding whether to enter a default judgment.  Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits").  In addition:

> Even after default, however, it remains for the court to consider
> whether the unchallenged facts constitute a legitimate cause of
> action, since a party in default does not admit mere conclusions of
> law. . . .  Once the court determines that a judgment by default
> should be entered, it will determine the amount and character of
> the recovery that should be awarded.

10A Wright, Miller & Kane, supra.

## FINDINGS AND CONCLUSIONS

1.      This action was commenced by the filing of a Complaint [Doc. # 1, filed 11/1/2013].  Jurisdiction exists pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and federal question jurisdiction, 28 U.S.C. §1331.  Complaint [Doc. # 1] at ¶2.

2.      Service of process was perfected against the defendant on November 4, 2013, by

2

service of a Summons and a copy of the Complaint on "Laura Costner, who is designated by law to accept service of process on behalf of Malcolm S. Gerald and Associates, Inc." Proof of Service [Doc. # 5] at p. 2. The defendant failed to answer or otherwise respond to the Complaint within the time allowed, and it has never answered, responded, or appeared in this action. The Clerk of the Court entered default against the defendant pursuant to Fed. R. Civ. P. 55(a) on December 30, 2013. Clerk's Entry [Doc. # 14].

3.      The defendant is a legal entity and is not an infant, incompetent person, or in the military service. Motion [Doc. # 17] at p. 2.

4.      The defendant is a debt collector, as defined in 15 U.S.C. § 1692a(6). Complaint [Doc. # 1] at ¶4. The defendant violated the Fair Debt Collection Practices Act in the following ways: (i) failing to identify the name of the individual making a call in an attempt to collect a debt, in violation of 15 U.S.C. § 1692d(6); and (ii) engaging in conduct the natural consequence of which was to harass, oppress, and abuse the plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d. In particular, it is alleged that the defendant called the plaintiff daily for many months and on at least 140 different occasions; failed to leave messages; and allowed calls to go to voicemail but would say nothing, resulting in "dead air" voicemails. Id. at ¶¶6-11.

5.      The plaintiff seeks an award of statutory damages in the amount of $1,000.00. Motion [Doc. # 17] at p. 6. Pursuant to 15 U.S.C. § 1692k(a)(2), the plaintiff is entitled to statutory damages of up to $1,000.00. In determining the appropriate amount of statutory damages to be awarded, the court is to consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the

3

extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).  The conduct

alleged here is sufficiently intentional and serious as to warrant the award of $1,000.00.

      6.      Section 1692k(a)(3), 15 U.S.C., also provides for the award of reasonable

attorneys fees and costs.  The plaintiff seeks the award of attorneys fees in the amount of

$2,772.50.  Motion [Doc. # 17] at p.9. In calculating a reasonable attorneys fee, I apply the

lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

"The lodestar calculation is the product of the number of attorney hours reasonably expended

and a reasonably hourly rate."  Id.(internal quotations and citation omitted).

      7.      The first step in calculating a fee award is to determine the number of hours

reasonably spent by counsel for the party seeking the fees.  The burden of proof lies with the

prevailing party seeking fees.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  However, as the

Supreme Court instructed in Fox v. Vice, 131 S. Ct. 2205, 2216 (2011), "trial courts need not,

and indeed should not become green-eyeshade accountants" when determining a fee application.

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing

perfection."  Id.

      8.      The defendant immediately defaulted.  The only actions taken by the plaintiff

were to (i) file the Complaint; (ii) achieve service of process; (iii) move for the entry of default

under Rule 55(a); and (iv) move for default judgment.

      9.      The plaintiff's attorney has itemized the tasks performed and the time required for

those tasks.  Billing File [Doc. # 17-5].  The itemization reflects "paralegal/staff" time of 6.55

hours, and "attorney" time of 8.15 hours.  The amount of time claimed generally is reasonable

but includes certain overhead items (sending a representation agreement; creating the case file;

addressing envelopes and mailing letters) which are not properly billed to a client.  In addition, the attorney billed more time reviewing the request for entry of default than the paralegal/staff spent drafting it; and the attorney spent 3.5 hours drafting the Motion and preparing the supporting materials, which is not reasonable.  Consequently, I find that the time reasonably and necessarily spent in support of the plaintiff's claim includes no more than 5.45 hours of "paralegal/staff" time and 7.15 hours of "attorney" time.

10.     The plaintiff claims attorney fees at the rate of $300 per hour and paralegal/staff fees at the rate of $50 per hour.  The plaintiff bears the burden of establishing that the rates are reasonable.  Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).  "A reasonable rate is the prevailing market rate in the relevant community."  Id.  A trial court may use its own knowledge in determining a reasonable rate.  Id. at 1079.  See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market).

11.     I find that the rates charged here by the attorney and paralegal/staff are reasonable in view of their training and experience and the nature of the case.

12.     Applying the hourly rates to the hours allowed results in a fee award of $2,417.50, which I find to be a reasonable and appropriate award under the facts of this case.

13.     The plaintiff also seeks an award of her costs in the amount of $71. 59, which includes the cost of service of process ($65.00) and postage ($6.59).  Billing File [Doc. # 17-5] at p. 3.  Rule 54(d), Fed. R. Civ. P., provides that costs, other than attorneys fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made

5

upon the filing of a bill of costs.  The plaintiff should be awarded her costs pursuant to 28 U.S.C.

§ 1920 upon the filing of a proper bill of costs.

**RECOMMENDATION**

I respectfully RECOMMEND that the Motion [Doc. # 28] be GRANTED and that

judgment by default enter in favor of the plaintiff and against the defendant in the amount of

$3,417.50, plus costs upon the filing of a bill of costs.[1]

Dated March 13, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).